**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**SITIVI SATINI, Defendant.**

High Court of American Samoa
Trial Division

CR No. 28-05

November 30, 2005

RICHMOND, Associate Justice; MAMEA, Associate Judge; and TAPOPO, Associate Judge

Counsel: For Plaintiff, Donald A. Pitzer, Assistant Attorney General
 For Defendant, Andrew T. Stave, Assistant Public Defender

ORDER GRANTING JOINT MOTION FOR RECONSIDERATION

## Background

On April 7, 2005, Plaintiff American Samoa Government ("ASG") charged Defendant Sitivi Satini ("Sitivi") with the first degree murder of Niko Seiuli.[1] Subsequent to being charged, Sitivi's family performed an *ifoga* on his behalf. On May 23, ASG and Sitivi filed a plea agreement with the Court, whereby Sitivi would plead guilty to a reduced charge of second degree murder. The plea agreement also noted that at the sentencing hearing ASG and Sitivi would request that, pursuant to A.S.C.A. § 46.1910(b), the Court reduce the crime from a class A felony to a class B felony in light of the *ifoga*. On May 25, in accordance with the plea agreement, Sitivi pled guilty to second degree murder.

In the July 8th sentencing hearing, this Court convicted Sitivi of second degree murder. However, we denied the parties' request to reduce the crime from a class A to a class B felony, and instead imposed a 30-year prison sentence, with possible parole after 10 years. Both parties now move together for reconsideration of the sentencing order, asking for a rehearing on Sitivi's sentence and repeating their request that the Court lessen the crime from a class A felony to a class B felony.

## Discussion

[1] ASG also charged Co-defendant Thomas Meredith with the first-degree murder of Niko Seiuli (CR No. 29-05). His case is proceeding to trial.

ASG and Sitivi contend that the prosecution's actions at the sentencing hearing were incongruent with the plea agreement, and thus a rehearing on the sentencing is warranted. As stated above, the plea agreement provided that both parties would ask the Court to reduce the level of the crime pursuant to A.S.C.A. § 46.1910(b). This section permits the Court to reduce the extent or duration of a sentence by one classification if an *ifoga* ceremony is performed. Both parties assert that the prosecution failed to argue this point, and instead urged the Court to sentence Sitivi to the maximum allowed under the law.

Although both parties agree that the prosecution's remarks were unintentional, Sitivi contends that requesting the maximum penalty constituted a breach of the plea agreement. Therefore, Sitivi argues that he is entitled to relief. We agree. In *Santabello v. New York,* 404 U.S. 257, 262 (1971), the Supreme Court stated that "[w]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Here, Sitivi's plea was induced by the prosecution's promise to request a lesser penalty. Thus, when the prosecution failed to fulfill this promise, they breached the agreement. It matters not whether the breach was intentional or inadvertent. Either way, Sitivi is entitled to relief.

This case presents the question, left unanswered by the Supreme Court in *Santabello*, of the appropriate remedy when the prosecution breaches a plea agreement. *See id.* at 263 ("The ultimate relief to which petitioner is entitled we leave to the discretion of the [trial] court, which is in a better position to decide [the remedy]."). Both parties argue that reconsidering our sentence, including a rehearing on the matter, is the appropriate remedy. In the alternative, if the Court decides not to reconsider his sentence, Sitivi asks that we grant leave to consider requests for additional relief such as withdrawing the guilty plea or sentencing by a different panel of judges.

After careful consideration of the parties' arguments, we hold that the most appropriate remedy is to require the prosecution to specifically perform its end of the plea agreement.[2] Having chosen specific performance as a remedy, we also hold that it is best achieved through sentencing by a different panel of judges. *See Santabello,* 404 U.S. at 263 (if specific performance of the plea agreement is required, petitioner should be resentenced by a different judge). Thus, in a strict sense, we grant the joint motion for reconsideration, even though the relief fashioned is slightly different than that requested. While the original

[2] We find no basis for allowing Sitivi to withdraw his plea.

panel of sentencing judges will not be 'reconsidering Sitivi's sentence,' both parties will be given an opportunity to reargue their case before a new panel of judges. In this way, Sitivi will be given the full benefit of his bargain under the plea agreement.[3]

## Order

Using the discretion given this Court, we grant the joint motion for reconsideration and order a new hearing on Sitivi's sentence. The sentencing hearing will be heard by a different panel of judges. When the rehearing is scheduled, the Clerk of the Court will notify the parties of the specified date.

It is so ordered.

---

[3] We note that any sentencing recommendation made or not made by ASG would not have influenced our sentencing decision. Thus, reconsidering our decision and rehearing the matter would waste the court's time and deprive Sitivi of any real "relief."